IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


BOARDS OF TRUSTEES OF THE OHIO
LABORERS' FRINGE BENEFIT PROGRAMS,

        Plaintiffs,

   vs.                          Civil Action 2:15-CV-1334
                                Judge Smith
                                Magistrate Judge King


USA CONCRETE SPECIALISTS, INC,
*et al.*,

        Defendants.


ORDER AND
REPORT AND RECOMMENDATION

This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132, and the LMRA, 29 U.S.C. § 185.  Defendants USA Concrete Specialists, Inc. ("defendant"), and Joseph Rich, allegedly defendant's controlling officer, were served with a summons and a copy of the *Complaint* on April 23, 2015, *see* ECF 3, 4, but have failed to plead or otherwise defend this action.  Plaintiff applied to the Clerk for entry of default, *Plaintiffs' Application for Entry of Default against Defendants*, ECF 5, and the Clerk entered both defendants' default pursuant to Fed. R. Civ. P. 55(a) on July 8, 2015. *Entry of Default*, ECF 6.  This matter is now before the Court on *Plaintiffs' Motion for Default Judgment*, ECF 9, seeking default judgment against only defendant.

1

Plaintiffs have established that defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which defendant agreed to pay contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union. *Plaintiffs' Motion for Default Judgment*, Exhibits A, B.  The *Affidavit of Plaintiffs' Contractor Relations Manager*, attached to *Plaintiffs' Motion for Default Judgment* as ECF 9-2, establishes that defendant owes $13,223.90 in unpaid fringe benefit contributions for the period April 2013 through December 2014 .  *Id*. at ¶ 3; *Plaintiffs' Motion for Default Judgment*, Exhibit C.  Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions. 29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376 (6th Cir. 1991).  Plaintiffs have established that defendant owes $2,196.07 in liquidated damages and interest on the unpaid contributions through December 2014.  *Affidavit of Plaintiffs' Contractor Relations Manager*, ¶ 3; *Plaintiffs' Motion for Default Judgment*, Exhibit C.

Plaintiffs seek an award of attorney's fees in the amount of $1,912.50, for seven and one-half hours billed at the rate of $255 per hour.  *Plaintiffs' Motion for Default Judgment*, p. 4, Exhibit D. Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable.  *Plaintiffs' Affidavit in Support of Their Motion for Default Judgment*, attached to *Plaintiffs' Motion for Default Judgment* as ECF 9-1; *Plaintiffs' Motion for Default Judgment*, Exhibit D.

Plaintiffs are therefore entitled to judgment in the amount of $15,419.97 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $1,912.50.

Accordingly, it is **RECOMMENDED** that *Plaintiffs' Motion for Default Judgment*, ECF 9, be **GRANTED**.  It is **FURTHER RECOMMENDED** that the Clerk enter judgment against defendant USA Concrete Specialists, Inc., and that plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from USA Concrete Specialists, Inc., the sum of Fifteen Thousand Four Hundred Nineteen Dollars and Ninety-Seven Cents ($15,419.97), including unpaid fringe benefit contributions through December 2014, prejudgment interest, and liquidated damages, and a reasonable attorney's fee in the amount of One Thousand Nine Hundred Twelve Dollars and Fifty Cents ($1,912.50), plus interest from the date of judgment at the rate of one percent (1%) per month.

Plaintiffs are **ORDERED** to indicate, within fourteen (14) days, whether they intend to pursue any claims against defendant Rich. Their failure to so indicate may result in the dismissal of any remaining claims against defendant Rich.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28

U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections

must be filed within fourteen (14) days after being served with a copy

thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

the *Report and Recommendation* will result in a waiver of the right to

*de novo* review by the District Judge and of the right to appeal the

decision of the District Court adopting the *Report and Recommendation.*

See *Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of

Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States

v. Walters*, 638 F.2d 947 (6th Cir. 1981).

August 26, 2015                        *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                                 United States Magistrate Judge

4